JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.   CV-13-08851-MWF (CWx)                    Date:  January 22, 2014
Title:     Darryl W. Boyd -v- Wells Fargo Bank, N.A.

Present:   The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

|  |  |
|---|---|
| Deputy Clerk: | Court Reporter: |
| Julieta Lozano | Not Reported |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| None Present | None Present |

**Proceedings (In Chambers):**   ORDER REMANDING ACTION [6, 7], AND DENYING MOTION TO DISMISS AS MOOT [4]

   On October 30, 2013, Plaintiff Darryl W. Boyd filed a Complaint in Ventura County Superior Court, initiating this action.  (Docket No. 1, Ex. A).  On December 2, 2013, Defendant Wells Fargo Bank, N.A. ("Wells Fargo") removed this action to this Court on the basis of diversity jurisdiction (the "Removal").  (Docket No. 1).  On December 9, 2013, Wells Fargo filed a Motion to Dismiss.  (Docket No. 4).  On December 16, 2013, this Court issued an Order to Show Cause Re: Citizenship (the "OSC"), and took Wells Fargo's Motion to Dismiss off calendar, pending a ruling on Wells Fargo's response to the OSC.  (Docket No. 6).  On January 6, 2014, Wells Fargo filed a Response to the Order to Show Cause Regarding Lack of Subject Matter Jurisdiction (the "Response") (Docket No. 7), and a Request for Judicial Notice in Support of Defendant Wells Fargo Bank, N.A.'s Response to the Order to Show Cause Regarding Subject Matter Jurisdiction (the "Request") (Docket No. 8).

   As a preliminary matter, Wells Fargo requests that the Court take judicial notice of (1) the Order to Show Cause Re: Subject Matter Jurisdiction, and (2) Wells Fargo's Response to Order to Show Cause, which were filed in another action before this Court, *Wachs v. Wells Fargo Bank*, Case No. CV 12-08801-MWF (SHx) ("*Wachs*").  (*See* Request, Exs. A-B).  The Court finds it appropriate to take judicial notice of these documents, pursuant to Federal Rule of Evidence 201, because they are court records and are relevant to determining Wells Fargo's citizenship.  *See United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-13-08851-MWF (CWx)                Date:  January 22, 2014
Title:       Darryl W. Boyd -v- Wells Fargo Bank, N.A.

1992) (stating that it is appropriate for the Court to "take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue").  Accordingly, the Court **GRANTS** the Request.

With regard to diversity jurisdiction, the OSC cited case law in the Ninth Circuit, finding that Wells Fargo is a citizen of both California and South Dakota.  (OSC at 2-3).  The Response indicates that Wells Fargo's briefing of its citizenship in *Wachs* is applicable here, and that there has been "no significant case law on the subject in the interim."  (Response at 2).  However, nothing in the Response or the briefing in *Wachs* persuasively refutes the OSC's analysis of Wells Fargo's citizenship.  Accordingly, the Court finds that Wells Fargo is a citizen of both California and South Dakota.  Because Mr. Boyd is also a citizen of California (*see* Removal at 2), the parties in this action are not diverse, and this Court lacks subject matter jurisdiction.

The Response also notes that the exact issue of Wells Fargo's citizenship is on appeal before the Ninth Circuit in *Rouse v. Wachovia Mortgage, FSB*, Case No. 12-55278 ("*Rouse*").  (Response at 2).  The Court is cognizant that the Ninth Circuit took the appeal in *Rouse* under submission on November 5, 2013.  However, not knowing when the Ninth Circuit will rule in *Rouse*, the Court will adhere to the OSC's analysis of Wells Fargo's citizenship.

Accordingly, the Court **REMANDS** this action to the Superior Court of the State of California for the County of Ventura, and **DENIES** the Motion to Dismiss (Docket No. 4) as moot.

This Order shall constitute notice of entry of judgment pursuant to Federal Rule of Civil Procedure 58.  Pursuant to Local Rule 58-6, the Court **ORDERS** the Clerk to treat this Order, and its entry on the docket, as an entry of judgment.

IT IS SO ORDERED.